UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

TULLY CONSTRUCTION COMPANY/
AJ. PEGNO CONSTRUCTION COMPANY, J.V.,     13 CV 3037 (PGG)

          Petitioner and Cross-Respondent,     ECF Case

          - against -

CANAM STEEL CORPORATION,

          Respondent and Cross-Petitioner.
-------------------------------------------------------------

## CANAM STEEL CORPORATION'S MEMORANDUM OF LAW
## (i) IN SUPPORT OF ITS CROSS-PETITION TO VACATE ARBITRATION AWARD,
## AND (ii) IN OPPOSITION TO TULLY'S PETITION TO CONFIRM

**WASSERMAN GRUBIN & ROGERS, LLP**
Michael T. Rogers (MR-8813)
Samuel A. Gunsburg (SG-1045)
1700 Broadway, 42nd Floor
New York, NY 10019
Telephone: (212) 581-3320
Facsimile: (212) 956-5255
mrogers@wgrlaw.com
sgunsburg@wgrlaw.com
*Attorneys for Respondent/Cross-Petitioner*
*Canam Steel Corporation*

Of Counsel
**WKWILBURN P.C.**
William Karl Wilburn (01438 D. Maryland)
Laurie A. Owen (Mass. Bar No. 559725)
4800 Montgomery Lane, Suite 700
Bethesda, Maryland 20814
Telephone: (301) 652-9700
Facsimile: (301) 652-9701
wkw@wkwilburn.com
lao@wkwilburn.com

# TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES .................................................................................. iii

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS…................................................................................... 4

APPLICABLE LEGAL STANDARDS FOR VACATUR ...................................... 4

ARGUMENT .......................................................................................................... 6

I.  THIS COURT SHOULD VACATE THE ARBITRATOR'S AWARD ........... 6

    A.  The Award Should Be Vacated Because It
    Manifestly Disregards Applicable Law ...................................................... 7

        (1) *The Arbitrator Manifestly Disregarded the NH Order,*
        *Which Is Now a New York Foreign Judgment* ................................. 7

        (2) *The Arbitrator Refused to Apply the Doctrines of Collateral*
        *Estoppel and Res Judicata and Refused to Recognize the NH Order* ........... 9

        (3) *The Award Manifestly Disregards New York Law Requiring*
        *Unambiguous Agreements to Be Applied as Written* .......................... 10

    B.  The Award Should Be Vacated Because The Arbitrator
    Exceeded His Authority Under 9 U.S.C. § 10(a)(4) .................................. 13

        (1) *The Arbitrator Exceeded His Authority By Failing to*
        *Provide A "Reasoned" Award* ......................................................... 13

        (2) *The Award Should Be Vacated Because the Arbitrator*
        *Exceeded His Powers By Issuing a "Wholly Irrational" Award* ........... 20

            (i) *The Award Is Wholly Irrational, Inherently Inconsistent*
            *and Contradictory Because it Gives Credence to the NH Order*
            *for Some Categories of Damages and Ignores it For Other*
            *Categories of Damages* .............................................................. 20

(ii) *The Award is Wholly Irrational Because the Arbitrator Provided a Totally Irrational Construction to the Contractual Provisions in Dispute* ....................................................................................21

C. The Award Should Be Vacated Because the Arbitrator Committed Prejudicial Misconduct by Refusing to Hear or Consider Evidence Material and Pertinent to Canam's Defense ......................................................22

CONCLUSION............................................................................................................25

# TABLE OF AUTHORITIES

## Cases

*American Centennial Ins. Co. v. Global Int'l Reinsurance Co., Ltd.*,
   12 CIV. 1400 PKC, 2012 WL 2821936 (S.D.N.Y. July 9, 2012) ..................................... passim

*Ank Shipping Co. of Greece v. Seychelles Nat. Commodity Co., Ltd.*,
   596 F. Supp. 1455 (S.D.N.Y. 1984)......................................................................... 10

*ARCH Dev. Corp. v. Biomet, Inc.*,
   02  C 9013, 2003 WL 21697742 (N.D. Ill. July 30, 2003).................................................. 19

*Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, Int'l Union, United Auto., Aerospace &
   Agr. Implement Workers of Am. (UAW)*,
   500 F.2d 921 (2d Cir. 1974)............................................................................... 20

*Cat Charter, LLC v. Schurtenberger*,
   646 F.3d 836 (11th Cir. 2011) ............................................................... 5, 14, 16, 19

*G.D. Searle & Co. v. Medicore Communications, Inc.*,
   843 F. Supp. 895 (S.D.N.Y. 1994) ...................................................................... 11

*Goldberg v. Thelen Reid Brown Raysman & Steiner LLP*,
   25 Misc. 3d 1205(A), 901 N.Y.S.2d 906 (Sup. Ct. N.Y. Co. 2007)....................................... 16

*Greenfield v. Philles Records, Inc.*,
   98 N.Y.2d 562, 780 N.E.2d 166 (2002)................................................................... 11

*Hall Street Associates, L.L.C. v. Mattel, Inc.*,
   552 U.S. 576 (2008)........................................................................................ 4

*Halligan v. Piper Jaffray, Inc.*,
   148 F.3d 197 (2d Cir. 1998)............................................................................. 4, 7

*Hatzlachh Supply, Inc. v. Moishe's Electronics Inc.*,
   848 F. Supp. 25 (S.D.N.Y. 1994) .......................................................................... 9

*In re Arbitration,*
  596 F. Supp. 1455, 1459 (S.D.N.Y. 1984)................................................................. 9

*In re Liberty Cent. Sch. Dist. (Liberty Faculty Ass'n),*
  25 A.D.3d 908, 808 N.Y.S.2d 445 (2006) .............................................................. 23

*In re Painewebber Ltd. P'ship Litig.,*
  94 CIV. 8547 SHS, 1996 WL 374162 (S.D.N.Y. July 1, 1996)................................. 9

*In re Walsam Emp LLC,*
  193 F. App'x 57 (2d Cir. 2006) ......................................................................... 6, 20

*Konkar Maritime Enterprises, S.A. v. Cie Compagnie Belge D'Affretement,*
  668 F. Supp. 267 (S.D.N.Y. 1987) ...................................................................... 22

*Krumme v. WestPoint Stevens Inc.,*
  238 F.3d 133 (2d Cir. 2000)................................................................................. 11

*Matter of Liberty Cent. Sch Dist,*
  25 A.D.3d 908,808 N.Y.S.2d 445, (3d Dep't 2006)................................................. 20

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Benjamin,*
  1 A.D.3d 39, 766 N.Y.S.2d 1 (1st Dep't 2003) ...................................................... 9

*Northstar Mechanical., Inc. v. JCH Delta Contracting, Inc.,*
  100893/2009, 2009 WL 2440316 (Sup. Ct. N.Y. Co. June 4, 2009)....................... 15

*Pollicino v. Roemer & Featherstonhaugh P.C.,*
  277 A.D.2d 666, 716 N.Y.S.2d 416 (2000) .......................................................... 10

*Prof'l Staff Cong./City Univ. of New York v. Bd. of Higher Ed. of City of New York,*
  39 N.Y.2d 319, 347 N.E.2d 918 (1976)................................................................. 22

*R/S Associates v. New York Job Dev. Auth.,*
  98 N.Y.2d 29, 771 N.E.2d 240 (2002)................................................................... 11

*Rain CII Carbon, LLC v. ConocoPhillips Co.,*
  674 F.3d 469 (5th Cir. 2012) .............................................................................. 16

*Riverbay Corp. v. Local 32-E,*
   91 A.D.2d 509, 456 N.Y.S.2d 378 (1982) .................................................................. 6, 20

*Roadway Package Systems, Inc. v. Kayser,*
   257 F. 3d 267 (3rd Cir. 2001) ................................................................................ 13

*San Remo Hotel, L.P. v. City & County. of San Francisco,*
   545 U.S. 323 (2005) ............................................................................................. 8

*Sarofim v. Trust Co. Of The W.,*
   440 F.3d 213 (5th Cir. 2006) ................................................................................. 17

*Schwartz v. Merrill Lynch & Co., Inc.,*
   665 F.3d 444 (2d Cir. 2011) ............................................................................... 4, 11

*Spear, Leeds & Kellogg v. Bullseye Sec., Inc.,*
   291 A.D.2d 255, 738 N.Y.S.2d 27 (1st Dep't 2002) ........................................... 6, 20

*T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.,*
   592 F.3d 329 (2d Cir. 2010) .................................................................................. 4

*Teamsters, Chauffeurs, Warehousemen & Helpers, Local Union No. 506  v. E.D. Clapp Corp.,*
   551 F. Supp. 570 (N.D.N.Y. 1982), *aff'd,*
   742 F.2d 1441 (2d Cir. 1983) ................................................................................ 5

*Tempo Shain Corp. v. Bertek, Inc.,*
   120 F.3d 16 (2d Cir. 1997) ............................................................................... 5, 22

*Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.,*
   607 F.2d 649 (5th Cir. 1979) ............................................................................ 5, 13

*Trump Vill. Section 3, Inc. v. New York State Hous. Fin. Agency,*
   307 A.D.2d 891, 764 N.Y.S.2d 17 (1st Dep't 2003) ............................................... 10

*Ventur Group., LLC v. Finnerty,*
   80 A.D.3d 474, 915 N.Y.S.2d 64 (1st Dep't 2011) ............................................... 8, 9

*Virgin Atl. Airways Ltd. v. British Airways PLC,*
   257 F.3d 256 (2d Cir. 2001) ................................................................................ 16

*Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*,
    489 U.S. 468 (1989) ............................................................................................ 13, 15

*Weinberg v. Silber*,
    140 F. Supp. 2d 712 (N.D. Tex. 2001) .............................................................. 5, 18

*Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*,
    304 F.3d 200 (2d Cir. 2002) ................................................................. 4, 7, 11, 13

## Statute

*CPLR 7511(b)(1)* ................................................................................................... 3

*CPLR 7511(b)(iii)* ............................................................................................... 20

*9 U.S.C. § 10(a)* .......................................................................................... passim

## Other

*In Arbitration Agreements, Critical Provisions Are Often Overlooked,*
*Robert J. Jossen and Neil A. Steiner,* New York Law Journal (November 26, 2012) .................. 15

AAA Arbitration Rules for Complex Construction Cases,
    Rules L-6, R-44(a) and (b) ................................................................................ 14

Respondent/Cross-Petitioner Canam Steel Corporation ("Canam") submits this memorandum of law (i) in support of its Cross-Petition, pursuant to the Federal Arbitration Act ("the FAA"), 9 U.S.C. § 10 and applicable case law, to vacate the April 24, 2013 arbitration award ("the Award") issued by Arbitrator, John J. Krol, Esq. (the "Arbitrator") in the arbitration between Canam and claimant Tully Construction Company Inc./A.J. Pegno Construction Corp., J.V. ("Tully"); and (ii) in Opposition to Tully's Petition to confirm the Award.[1]

## PRELIMINARY STATEMENT

As shown below, under both the FAA and New York law, the Award should be vacated because (1) the Arbitrator acted in knowing, willful, and manifest disregard of the law; (2) the Arbitrator exceeded his powers, or so imperfectly executed them, or both, that a mutual, final, and definite award upon the subject matter submitted was not made and (3) the Arbitrator refused to hear evidence pertinent and material to the controversy, which prejudiced Canam.

The Arbitrator knowingly and willingly manifestly disregarded the law in at least two instances. First, the Arbitrator manifestly disregarded a New Hampshire Order (the "NH Order"), affirmed by the New Hampshire Supreme Court and which has been filed in New York as a foreign judgment, that found that Canam was not liable for any delays that preceded its July 16, 2007 acquisition of Eastern Bridge ("EB") pursuant to an Asset Purchase Agreement ("APA"). Nevertheless, willfully refusing to follow the NH Order, the Arbitrator allowed EB's pre-APA liability to be a subject of the arbitration, and granted Tully its entire 16 month (December 1, 2006 to April 1, 2008) delay claim of $2,831,703 with respect to a damages line

---

[1] Submitted herewith in support of the Cross-Petition is the Declaration of Michael T. Rogers, Esq., sworn to on May 24, 2013 ("Rogers Decl."). A copy of the Award is attached thereto as Exhibit 1.

item categorized as "Cornell Liquidated Claim," when under the NH Order, the most that Canam could have been liable for is for 8½ months of delay (July 16, 2007 to April 1, 2008).

Second, the Arbitrator manifestly disregarded a February 15, 2008 Letter Agreement, wherein the parties agreed to deliveries of the steel girders at issue by no later than February 22, 2008. Although the last of the steel girders were delivered five days late, the Arbitrator disregarded that agreement and found Canam liable for 16 months of delay for the Cornell Liquidated Claim, and for 8½ months of delay for two other categories.

The Award must also be vacated because the Arbitrator acted *ultra vires* and exceeded his powers by failing to provide a "reasoned" award as he was required to do under the terms of the parties' Arbitration Agreement, governed by the AAA Arbitration Rules for Complex Construction Cases, which provide that the arbitrator must issue a "reasoned" award, and as further mandated by his own Preliminary Hearing Order. Where an arbitration agreement requires specific practices and procedures, an arbitrator exceeds his authority when he fails to follow those practices and procedures. In the hope that the relief sought in this motion could be resolved without the need for court intervention, Canam requested that the Arbitrator satisfy his obligation under the Arbitration Agreement and his own Preliminary Hearing Order and immediately withdraw his hastily issued two-page bare Award that is barren of any reasoning, and instead issue the required "reasoned" award, but the Arbitrator refused. Thus, the Arbitrator so imperfectly executed his powers that a mutual, final, and definite award upon the subject matter submitted was not made because the Award is incomplete and ambiguous.

Moreover, the Arbitrator exceeded his power, or so imperfectly executed it, or both, that a mutual, final, and definite award upon the subject matter submitted was not made because the Award gives a totally irrational construction to the contractual provisions in dispute, and because

it is incomplete, ambiguous, and contradictory. The Award here is wholly irrational because, as discussed above, the Arbitrator provided a totally irrational construction to the contractual provisions in dispute. The award is ambiguous or contradictory or both because it ignores the NH Order with respect to the Cornell Liquidated Claim, granting 16 months of delay damages, yet at the same time the Award gives credence to the NH Order by awarding Tully precisely 8½ months of its purported post-APA damages for "Home Office Overhead" and "Field Overhead and Staff."

Finally, the Award should be vacated under the FAA and CPLR 7511(b)(1) because the Arbitrator committed prejudicial misconduct by refusing to hear evidence material and pertinent to Canam's defense. The evidentiary basis for Tully to prove that its alleged damages for the "Cornell Liquidated Claim" was a two-volume report prepared by Cornell's expert witness in August 2009 -- three years before the hearing in this arbitration. Tully introduced the exhibit through a fact witness, not the author of the report. Canam repeatedly and vigorously objected to the introduction of the report because Canam had no opportunity to cross-examine the expert who prepared the report, and was consistently overruled by the Arbitrator, who admitted that "I understand you're going to be precluded from cross-examining the expert." The report was ultimately received into evidence; thus, the Arbitrator's actions were tantamount to precluding cross-examination. Canam was further prejudiced by the Arbitrator's misconduct when he summarily awarded the entire sixteen months of delay damages sought by Tully for the Cornell Liquidated Claim. The Award must be vacated.

## STATEMENT OF FACTS

We respectfully refer to the Declaration of Michael T. Rogers, Esq., dated May 24, 2013, for a complete recitation of the relevant facts.

## APPLICABLE LEGAL STANDARDS FOR VACATUR

An arbitration award should be vacated where the Arbitrator acted in "manifest disregard of the law." *See Halligan v. Piper Jaffray, Inc.,* 148 F.3d 197, 204 (2d Cir. 1998), *cert. denied,* 526 U.S. 1034 (1999).[2]  For manifest disregard of the law, "a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Id.* at 202.  Morever, *vacatur* for manifest disregard of a contract is appropriate where the arbitral award "contradicts an express and unambiguous term of the contract or if the award so far departs from the terms of the agreement that it is not even arguably derived from the contract." *Westerbeke Corp. v Daihatsu Motor Co., Ltd.,* 304 F.3d 200, 222 (2d Cir. 2002); *see also Schwartz v. Merrill Lynch & Co., Inc.,* 665 F.3d 444, 452 (2d Cir. 2011) (an arbitrator's award may be vacated "where the arbitrator's award is in manifest disregard of the terms of the [parties' relevant] agreement").

In addition, under Section 10 of the FAA, an award should be vacated:

(3)     where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in *refusing to hear evidence pertinent*

---

[2] While the future of the "manifest disregard" standard is unsettled since *Hall Street Associates, L.L. C. v. Mattel, Inc.,* 552 U.S. 576 (2008), the law in the Second Circuit is that "manifest disregard" has been reconceptualized as "a judicial gloss" on the FAA's specific grounds for vacatur, and so interpreted, "remains a valid ground for vacating arbitration awards." *T.Co Metals, LLC v Dempsey Pipe & Supply, Inc.,* 592 F.3d 329, 340 (2d Cir. 2010) (citations omitted).

*and material to the controversy*; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)   where the arbitrators *exceeded their powers, or so imperfectly executed them* that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) (emphasis added).

With respect to subsection (3), when arbitrators "refus[e] to hear evidence pertinent and material to the controversy," they violate "principles of fundamental fairness." *Teamsters, Chauffeurs, Warehousemen & Helpers, Local Union No. 506 v. E.D. Clapp Corp.*, 551 F. Supp. 570, 578 (N.D.N.Y. 1982), *aff'd*, 742 F.2d 1441 (2d Cir. 1983). Exclusion of evidence plainly "pertinent and material to the controversy" thus requires *vacatur*. *See Tempo Shain Corp. v. Bertek, Inc*, 120 F.3d 16, 20 (2d Cir. 1997) (vacating award because the arbitrators had refused to hear evidence pertinent to contract interpretation). Furthermore, the clause "any other misbehavior by which the rights of any party have been prejudiced" "serves as kind of a catch-all provision in section 10(a)(3), [and] is frequently applied when the arbitrator has run afoul of his or her own rules in conducting the arbitration." *Weinberg v. Silber*, 140 F. Supp. 2d 712, 720 (N.D. Tex 2001).

With respect to subsection (4), under New York law, an Arbitrator is deemed to have exceeded his authority "by failing to provide an award in the form required by an arbitration agreement." *Am. Centennial Ins. Co. v Global Intern. Reins. Co., Ltd.*, 12 CIV. 1400 PKC, 2012 WL 2821936, at * 8 (S.D.N.Y. July 9, 2012) (citing *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 843 (11th Cir. 2011)); *see also Totem Marine Tug & Barge, Inc. v. North American Towing*, Inc., 607 F. 2d 649 (5th Cir. 1979) (failure to follow procedures set forth in arbitration agreement results in *vacatur*). Moreover, an arbitrator exceeds his power when he provides a

totally irrational construction to the contractual provisions in dispute. *Riverbay Corp. v. Local 32-E*, 91 A.D.2d 509, 510, 456 N.Y.S.2d 378, 379 (1st Dep't 1982) (arbitration award vacated where arbitrator exceeded his power by giving "a totally irrational construction to the contractual provisions in dispute"). *See In re Walsam Emp LLC*, 193 Fed. Appx. 57, 58 (2d Cir 2006) (applying "irrational" standard to arbitration governed by New York law). "Inherently inconsistent" arbitration awards must be vacated as irrational. *Spear, Leeds & Kellogg v. Bullseye Sec., Inc.*, 291 A.D.2d 255, 256, 738 N.Y.S.2d 27, 29 (1st Dep't 2002).

## ARGUMENT

## I.

## THIS COURT SHOULD VACATE THE ARBITRATOR'S AWARD

As will be described herein, each of the foregoing standards, when applied to the Arbitrator's actions, demands *vacatur* of the Award.  Indeed there are multiple, independent grounds sufficient for vacating the Arbitrator's Award, whether it be: (i) manifestly disregarding the NH Order, which has been filed in New York as a foreign judgment, and which is binding on the arbitration under the doctrines of collateral estoppel and *res judicata*; (ii) manifestly disregarding the express and unambiguous terms of the February 15, 2008 Letter Agreement that governed the delivery dates of steel to the Project; (iii) exceeding his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made, because, contrary to his obligation under the Arbitration Agreement and his own Preliminary Hearing Order to issue a "reasoned" award, the Arbitrator instead issued an ambiguous, incomplete, and contradictory two-page Award that is void of any reasoning; or (iv) by "refusing to hear evidence pertinent and material to the controversy," thus violating "principles of fundamental fairness."

6

**A.   The Award Should Be Vacated Because It Manifestly
        Disregards Applicable Law.**

An arbitration award should be vacated when it "manifestly disregards" applicable law.

*Halligan*, 148 F.3d at 204.  For manifest disregard of the law, "a court must find both that (1) the

arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and

(2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the

case." *Id.* at 202.  Moreover, an arbitration award should be vacated for manifest disregard of a

contract, where the Award "contradicts an express and unambiguous term of the contract or if the

award so far departs from the terms of the agreement that it is not even arguably derived from the

contract." *Westerbeke*, 304 F.3d at 222.

The Award here should be vacated because it is in manifest disregard of the law in at

least two respects: (1) the Arbitrator knew of the governing legal principle established in the

clear and explicit NH Order that Canam did not acquire EB's pre-APA (pre-July 16, 2007)

liability to Tully.  Nevertheless, the Arbitrator allowed EB's pre-APA liability to be a subject of

the arbitration, and granted Tully its entire 16 month (December 1, 2006 to April 1, 2008) delay

claim of $2,831,703 with respect to the "Cornell Liquidated Claim."  Because the Arbitrator

refused to apply, and manifestly disregarded, the NH Order, which has been filed in New York

as a foreign judgment, and which was binding on the arbitration under the doctrines of collateral

estoppel and *res judicata*, it should be vacated; and (2) the Arbitrator manifestly disregarded the

Letter Agreement which modified the delivery dates of steel to the Project.

**(1)   *The Arbitrator Manifestly Disregarded the NH Order,
         Which Is Now a New York Foreign Judgment.***

The NH Order, affirmed by the NH Supreme Court, provides that under the APA Canam

did not acquire EB's pre-APA (pre-July 16, 2007) liability to Tully. (Rogers Decl., ¶ 15 & Ex.

7

4).   The NH Order has been filed in New York as a foreign judgment.   (*Id.*, Ex. 14).   Under prevailing New York case law, it is binding on the Arbitration under the doctrines of collateral estoppel and *res judicata*.[3]

On December 23, 2009, before Tully filed its arbitration demand, Canam filed an action for declaratory relief in NH Superior Court[4] to confirm that under the APA it had no pre-APA liability to Tully.   EB moved for summary judgment that Canam acquired pre-APA liability; Tully moved to dismiss.   Thus, there is no dispute that Tully had full opportunity to litigate the merits of Canam's declaratory judgment claim. On July 26, 2010, the court issued its ruling:

   (1)   The general rule in NH is that "a corporation purchasing the assets of another corporation is not liable for the seller's debts."

   (2)   In the APA, "Canam expressly assumed all liabilities arising under the Whitestone contract except the liabilities attributable to Eastern Bridge's failure to comply with the Whitestone contract before the date of the APA. Therefore, Canam did not assume liability for any breach of contract that occurred before July 16, 2007."

   (3)   Post-APA disputes between Canam and Tully were to be arbitrated.[5]

*See* Rogers Decl., Ex. 4, at pp. 7-10.   The NH Supreme Court affirmed. *Id.*, Ex. 13.   Canam filed the NH Order in New York as a final foreign judgment, and it is consequently binding on the Arbitration. *Id.*, Ex. 14.

_____

[3] *See San Remo Hotel, L.P., v. City & County of San Francisco*, 545 U.S. 323, 336 (2005) (full faith and credit "has long been understood to encompass the doctrines of res judicata, or 'claim preclusion', and collateral estoppel, or 'issue preclusion.'"   Under New York law, the doctrine of collateral estoppel applies to bar the arbitration of issues that were litigated in a prior action. *See Ventur Group, LLC v. Finnerty*, 80 A.D.3d 474, 475, 915 N.Y.S.2d 64, 66 (1st Dep't 2011).

[4] The APA is to be construed under NH law.   Rogers Decl., ¶ 6 & Ex. 4 (NH Order), at p. 3.

[5] *Id.*, pp. 7-10.

    **(2)**    *The Arbitrator Refused to Apply the Doctrines of Collateral*
                  *Estoppel and Res Judicata and Refused to Recognize the NH Order.*

The doctrines of collateral estoppel and *res judicata* must be applied by arbitrators to bar re-litigation of issues determined in final judgment by courts. *Hatzlachh Supply Inc. v. Moishe's Elecs. Inc.*, 848 F. Supp. 25, 28 (S.D.N.Y. 1994) (vacating an order compelling the parties to arbitrate because the issues to be arbitrated had already been determined on the merits by a state court); *In re Arbitration*, 596 F. Supp. 1455, 1459 (S.D.N.Y. 1984) (denying motion to compel arbitration because party sought to re-litigate in arbitration claims that had already been decided by the district court); *see also In re Painwebber Ltd. P'ship Litig.*, No. 94 CIV. 8547 SHS, 1996 WL 374162, at *4 (S.D.N.Y. July 1, 1996) (denying motion to compel arbitration because issues that would be decided in arbitration were already being litigated in court proceedings and "it would be 'incongruous' if the Court had the power to protect its judgments by enjoining subsequent litigation but not subsequent arbitration."); *Ventur Group, LLC v. Finnerty,* 80 A.D.3d 474, 475, 915 N.Y.S.2d 64, 66 (1st Dep't 2011) (under collateral estoppel, plaintiff precluded from pursuing in arbitration claims that had already been determined in prior litigation); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Benjamin*, 1 A.D.3d 39, 45, 766 N.Y.S.2d 1, 6 (1st Dep't 2003) (staying arbitration between the parties because the issues to be arbitrated had already been determined in a prior state court action).

The Arbitrator knew of the governing legal principle established in the clear and explicit NH Order that Canam did not acquire EB's pre-APA (pre-July 16, 2007) liability to Tully. Before the commencement of the arbitration hearings, Canam submitted a Motion to Dismiss, moving that all of Tully's pre-APA claims against Canam be dismissed, because: (i) the NH Order was a final, dispositive judgment on the same issue, between the same parties, and arising

9

from the same facts; (ii) as an enforceable foreign judgment, it was binding on the arbitration, which was subject to New York law; and (iii) for the Arbitrator to disregard the NH Order, he would "manifestly disregard" the law, subjecting any award to a motion to vacate. Rogers Decl., Ex. 19. Nevertheless, in his Interlocutory Determination, the Arbitrator refused to apply the doctrines of collateral estoppel and *res judicata* as well as refused to recognize the NH Order, reasoning that the NH Order's statement that "Canam, however, successfully preserved the prior limits of its liability that it negotiated in the APA" (p. 10), was *dicta* as to the *post*-APA agreements and was not entitled to full faith and credit.[6] Thus, although the Interlocutory Determination chose not to recognize *dicta*, the Arbitrator was bound to apply the NH Order's *holding* that Canam did not assume pre-APA liability.

The Arbitrator manifestly disregarded the law by allowing Tully to arbitrate the issue of Canam's purported pre-July 16, 2007 liability and even more so by awarding Tully the entire 16 months for the Cornell claim of $2,831,703 (which includes 7½ pre-APA months of December 1, 2006 to July 15, 2007), and a substantial portion of Tully's claims for Labor Escalation Home Office Overhead and Field Overhead and Staff. Accordingly, the Award is subject to *vacatur*.

> **(3)    *The Award Manifestly Disregards New York Law Requiring Unambiguous Agreements to Be Applied as Written.*__**

The Award manifestly disregarded New York contract law by refusing to enforce the parties' agreements as they were plainly written. New York law provides that, when applying an unambiguous written agreement, the plain meaning of the agreement's language should be given

---

[6] Rogers Decl., Ex. 21. Canam disagrees that this portion of the Order was *dicta*. Rather, the court's determination goes "to the heart of [the dispute] and was neither unnecessary nor of secondary importance." *Trump Vill. Section 3, Inc. v. New York State Hous. Fin. Agency*, 307 A.D.2d 891, 895, 764 N.Y.S.2d 17, 21 (1st Dep't 2003) (distinguishing application of *Pollicino v. Roemer & Featherstonhaugh*, 277 A.D.2d 666 (3d Dep't 2000) (cited in the Interlocutory Determination).

its full effect.  The law in New York regarding contract interpretation is clear and explicit.  Under New York law, "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 N.Y. (2002).  "When interpreting an unambiguous contract, '[w]ords and phrases are given their plain meaning' ... a court must enforce that plain meaning, '[r]ather than rewrite an unambiguous agreement.'" *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 139 (2d Cir. 2000) (citations omitted).  Where no ambiguity exists, the court must not look beyond the "four corners" of the agreement making parol evidence inadmissible. *See R/S Assocs. v. NY. Job Dev. Auth.*, 98 N.Y.2d 29, 33, 771 N.E.2d 240, 242 (2002); *G.D. Searle & Co. v. Medicore Communications, Inc.*, 843 F. Supp. 895, 906 (S.D.N.Y. 1994).

In *Westerbeke*, the Second Circuit stated that *vacatur* on the basis of manifest disregard of a contract is appropriate where "the arbitral award contradicts an express and unambiguous term of the contract or if the award so far departs from the terms of the agreement that it is not even arguably derived from the contract." (304 F.3d at 222); *Schwartz v Merrill Lynch & Co., Inc.,* 665 F3d 444, 452 (2d Cir. 2011) (an arbitrator's award may also be vacated "where the arbitrator's award is in manifest disregard of the terms of the [parties' relevant] agreement").  That standard applies here and the Award must be vacated.

The Letter Agreement expressly and unambiguously modified the delivery dates of Spans/Piers 129-131, providing that it "modifie[d] the schedule contained in the Completion Agreement, which otherwise remains in full force and effect."  Rogers Decl., Ex. 5, ¶ 1.  Tully's Project Manager acknowledged that the Letter Agreement modified the delivery dates of Spans/Piers 129-131, and provided for new delivery dates. *Id.*, Ex. 6 (November 6, 2012 Transcript (excerpt) of Sean McPartland at 156:3-12; 225:6-19).

11

Under the Letter Agreement, Canam was to deliver the girders for Delivery 5, Spans 129-131 and Piers 129-130 as follows: (i) box girders for Piers 129-130 no later than February 20, 2008; and (ii) girders for Spans 129-131 no later than February 22, 2008.  *Id.*, Ex. 5 ¶ 1.a. Canam proved at the hearings that it delivered the last of the box girders on February 21, 2008,[7] which was one day late, and the last girder for Spans 129-131 on February 26, 2008,[8] which was four days late.  Thus, in total, Canam delayed delivery of Spans/Piers 129-131 by no more than a total of five days.

In the arbitration, Tully ignored the delivery dates that it agreed to in the Letter Agreement, and claimed that Canam delayed the Project by 16 months, from December 1, 2006 through April 1, 2008.  *Id.*, Ex. 6 (McPartland Transcript (excerpt) at 366:18-19).  Tully's damages are calculated based on that alleged 16 months delay,[9] and Tully sought, *inter alia*, $2,831,703 for 16 months of alleged delay with respect to Tully's erector Cornell,[10]  $1,702,416 for 16 months of Labor Escalation,[11] $1,061,108 for 16 months of Home Office Overhead,[12] and $4,062,736 for Field Overhead and Staff.[13]

---

[7]  *See* Rogers Decl., ¶ 9 & Ex. 7 (Canam Bills of Lading; *see* CAN 20002, reflecting last date of shipment).

[8]  *See id.*, Ex. 8 (Canam Bills of Lading; *see* CAN 17649, reflecting last date of shipment).

[9]  *See id*, Ex. 9 (Tully Ex. C-478 Cover Page) (*see* header "Based on 16 month Delay Duration).

[10] *See id.* (Cover Page 1.2 of 1.4 (Line Item 53) and 1.4 of 1.4 (Line Item 53: "(Cornell Claim = 6,017,368) x (16/34")).  Cornell sued Tully for 34 months of delay.  Tully attributes 16 of those 34 months to EB and Canam.

[11] *See id.*, Cover Page 1.1 of 1.4, Line Item 19.

[12] *See id.*, Cover Page 1.1 of 1.4, Line Item 25.

[13] *See id.*, Cover Page 1.2 of 1.4, Line Item 47.

The Arbitrator manifestly disregarded the delivery dates in the Letter Agreement, whereby under its terms Canam was only five days late in delivery of Spans/Piers 129-131, and awarded Tully the full 16 months for the Cornell claim of $2,831,703, and a substantial portion of Tully's claims for Labor Escalation Home Office Overhead and Field Overhead and Staff. *See* Ex. 1.[14] Thus, even without delving into the Arbitrator's reasoning, the Award should be vacated because it "contradicts an express and unambiguous term of the [Letter Agreement]" and "so far departs from the terms of the [Letter Agreement] that it is not even arguably derived from the contract." *Westerbeke*, 304 F.3d at 222 (2d Cir. 2002).

### B. The Award Should Be Vacated Because The Arbitrator Exceeded His Authority Under 9 U.S.C. § 10(a)(4)

#### (1) The Arbitrator Exceeded His Authority By Failing to Provide A "Reasoned" Award.

Arbitration is contractual and arbitrators derive their authority from the scope of the arbitration agreement. *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.*, 607 F. 2d 649 (5th Cir. 1979). The ultimate purpose of the FAA is to enforce the terms of such private arbitration agreements. *Roadway Package Systems, Inc. v. Kayser*, 257 F. 3d 267 (3rd Cir. 2001). To achieve this purpose, the FAA "requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Volt Info. Sciences v. Leland Stanford Jr. Univ.*, 489 U.S. 468, 478 (1989). Enforcing the parties' Arbitration Agreement herein leads to the inescapable conclusion that the Award should be vacated.

---

[14] Indeed, even assuming *arguendo* that Tully had proven (it did not) that the last Canam delivery was April 1, 2008, then the longest that Canam could have delayed the delivery of Spans/Piers 129-131 was five weeks (February 23, 2008 to April 1, 2008), nowhere near the 16 months of delay that Tully was awarded for the Cornell claim and the substantial amounts of Tully's claim for Labor Escalation Home Office Overhead and Field Overhead and Staff.

13

The FAA allows a federal court to vacate an arbitration award when the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award on the subject matter was not made. 9 U.S.C. §10(a)(4). An arbitrator may exceed his authority "by failing to provide an award in the form required by an arbitration agreement." *Am. Centennial Ins. Co. v Global Intern. Reins. Co., Ltd.*, 12 CIV. 1400 PKC, 2012 WL 2821936, at * 8 (S.D.N.Y. July 9, 2012) (citing *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 843 (11th Cir. 2011)); *see also Totem Marine Tug & Barge*, 607 F.2d at 651-52 (failure to follow procedures set forth in arbitration agreement results in *vacatur*). Thus, when an arbitrator is obligated to issue a "reasoned" award, but deviates from his express grant of authority by failing to provide the reasons for his award, *vacatur* is appropriate.

The Form of Award that must be issued in this arbitration is a "reasoned" award. First, the Arbitration Agreement provides: "4) AAA Rules Apply. This Private Arbitration will not be administered by the AAA but the AAA Arbitration Rules for Complex Construction Cases will apply." Rule L-6 of the AAA Arbitration Rules for Complex Construction Cases provides: "Form of Award. In addition to the award requirements set forth in R-44 (a) and (b) unless the parties agree otherwise, the arbitrator shall issue a reasoned award."

Rules 44(a) and (b), in turn, provide:

(a)   Any award shall be in writing and signed by a majority of the arbitrators. It shall be executed in the form and manner required by law.

(b)   In all cases, unless waived by agreement of the parties, the arbitrator shall provide a concise written financial breakdown of any monetary awards and, if there are non-monetary components of the claims or counterclaims, the arbitrator shall include a line item disposition of each non-monetary claim or counterclaim.

AAA Rules L-6 and R-44(a) and (b) are annexed to the Rogers Decl. as Exhibit 28.

14

Thus, under the AAA Rules, which are binding under the Arbitration Agreement, a financial breakdown of the monetary award, which is what was issued in this arbitration, is insufficient; rather, the AAA Rules make a clear distinction and require a "reasoned" award. The FAA "requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Volt Info., supra.* Second, Paragraph 8(b) of the Preliminary Hearing and Scheduling Order provides -- in the Arbitrator's handwriting -- "Arbitrator's Decision Shall Be Reasoned." Rogers Decl., Ex. 18.

The two-page Award that was issued here is not a "reasoned" award.   It is well-recognized in New York that a "reasoned" award is an award that provides detailed reasons for the arbitrator's decision.  As recently discussed in the New York Law Journal regarding the distinction between a "reasoned" award and a "standard" award when drafting arbitration provisions in agreements:

> A standard award simply states which party prevailed and the amount of damages, if any, that must be paid. <u>A reasoned award, as the name implies, is one in which the arbitrator explains in detail the reasons for her decision, and can take anywhere from a few pages to 40 or 50 pages or more.</u>

*In Arbitration Agreements, Critical Provisions Are Often Overlooked*, Robert J. Jossen and Neil A. Steiner, New York Law Journal (November 26, 2012) at p.3 (emphasis added).[15]

This standard has been recognized by New York courts.  For example, in *Northstar Mechanical, Inc. v. JCH Delta Contracting, Inc.*, 100893/2009, 2009 WL 2440316 at 5 (Sup. Ct. N.Y. Co. 2009), where, unlike here, there was no Order requiring that the "Arbitrator's decision shall be reasoned," Justice Sherwood of the Commercial Division found:

---

[15] A copy of the Article is annexed to Canam's May 1, 2013 letter to the Arbitrator.  Rogers Decl., Ex. 27.

Even if one were to assume that the arbitrator in this case was required to render his decision in the form of a "reasoned award," the Interim Award he issued is sufficient. The arbitrator's reasons for the award are set forth in a twenty-nine page "Interim Award Memorandum." Although it lacks the level of detail one might expect in a "findings and conclusions" form of award, the Interim Award provides well-reasoned grounds for the determination made.

Again, in *Goldberg v. Thelen Reid Brown Raysman Steiner LLP*, 901 N.Y.S.2d 906, 2007 WL 6889357 at * 4-5 (Sup. Ct. N.Y. Co. 2007), Justice Fried of the Commercial Division found that "[t]he arbitrator here made a carefully reasoned award" because the award:

> considered the plain meaning of the operative words in the parties' agreement. The arbitrator's discussion of "adequate origination," "developing and supervising a patent litigation practice," "service partner," and "good cause" established a rational basis for the arbitrator's award. So too, the arbitrator's attention to the evidence that Goldberg was ready and willing to work, that he actively sought out billable work, and that there were a significant number of hours being billed that Goldberg might have been able to perform if the opportunity had been offered, support a finding that the arbitrator's findings on the main claim were not irrational...With respect to the finding in favor of petitioner on respondents' counterclaims, the arbitrator referenced the testimony of two witnesses at the arbitration proceeding before concluding that respondent should have known that there was no merit to the counterclaim for fraud...

The Southern District of New York, as well, has held that a "reasoned" award is one in which the arbitrator sets forth his reasoning and rationale for the Award. Recently, in *American Centennial Ins. Co. v Global Intern. Reins. Co., Ltd.*, where the arbitration agreement required the arbitrators to issue a written award "stating the reasons therefor," the court held that "courts have held this requirement [of a "reasoned" award] satisfied with 'something short of findings [of fact] and conclusions [of law] but more than a simple result.'" 2012 WL 2821936, at * 8 (citing *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 473 (5th Cir. 2012) (quoting *Cat Charter*)). The court found that the award issued there was "reasoned" because:

> In seven pages and thirty numbered paragraphs, the Final Award recites the relevant terms of the Agreement, the history of the dispute, the findings of the prior panels, and the panel's rationale for awarding Global a 15%—and not a 30% or 45%—reduction. (Nonna Decl. Ex. B.) The panel thus "rendered more than a standard award, which would

16

be a mere announcement of [its] decision." *ConocoPhillips*, 674 F.3d at 474 (affirming denial of *vacatur* where eight-page decision "laid out the facts, described the contentions of the parties, and decided which of the two proposals should prevail"). The Phair Panel's decision in this case, though not as fulsome or elucidated as ACIC would like, "was nevertheless adequate to satisfy the terms of the agreement."

*American Centennial*, 2012 WL 2821936, at * 9 (emphasis added).   Copies of the *American Centennial* Reasoned Award, the Dissent, the Supplemental Award, the Supplemental Award and Dissent, and the Supplemental Award #2 are annexed as Exhibit 31 to the Rogers Declaration. *See also Sarofim v Trust Co. Of The W.*, 440 F3d 213, 215 & n.1 (5th Cir 2006) (holding that "[a] reasoned award is something short of findings and conclusions but more than a simple result," and finding that a twenty-page award issued after five days of testimony and introduction of more than 200 exhibits was a "reasoned" award.)

Here, in stark contrast, the Arbitrator exceeded his powers, or so imperfectly executed them, or both, that a mutual, final, and definite award on the subject matter was not made, because the Arbitrator refused to satisfy his obligation under the Arbitration Agreement and his own Preliminary Hearing Order to issue a "reasoned" award, as that term is recognized and defined by courts and practitioners.   Instead, evidently attempting to cover-up his manifest disregard of the NH Order and the Letter Agreement, the Arbitrator claims that his seven line items of damages awarded, and statement that all remaining claims are denied, without offering any reasons for the result, fulfilled his obligation "under all applicable rules, statutes, and case law."   Rogers Decl., Ex. 30 (May 3, 2013 decision of Arbitrator).   That is erroneous.

The two-page Final Award -- hastily issued by the Arbitrator in eight  days rather than the 30 days he himself estimated it would take to deliberate and analyze the 17 days of hearings, 50

17

notebooks of hearing exhibits containing over 800 admitted exhibits, and 120 pages of briefs[16] --

is not a "reasoned" award.  The bare Award, which is incomplete and ambiguous, fails to set

forth "the history of the dispute," fails to "[lay] out the facts, describe[] the contentions of the

parties," and fails to provide one scintilla of "the [Arbitrator's] rationale" or reasoning as to why

Canam is liable for $6,883,936 and only entitled to $366,914 on its counterclaim, or how the

individual calculations were reached, including the delay period for which the damages were

awarded.  *American Centennial* , 2012 WL 2821936, at * 8.  Instead, the Arbitrator simply

issued "a standard award, which [was] a mere announcement of [his] decision," a "simple result"

and a far cry from "something short of findings [of fact] and conclusions [of law]."  *Id.*

Critically, as discussed above, the ambiguous and contradictory Award fails to explain how

Canam can be liable for 8½ out of 16 months of delay damages for some claims, and all 16

months of the Cornell Liquidated Claim.

Moreover, by manifestly disregarding his own Preliminary Hearing Order by refusing to

issue a "reasoned" award that would explain the Award sufficiently to permit effective judicial

review and determine whether he exceeded his power, the Arbitrator has committed

"misbehavior by which the rights of [Canam] have been prejudiced," in violation  of FAA

Section 10(a)(3).  *Weinberg v Silber*, 140 F. Supp. 2d 712, 720 (N.D. Tex 2001) ("'any other

misbehavior by which the rights of any party have been prejudiced'" "serves as kind of a catch-

---

[16] *See* Rogers Decl., ¶ 31 and Ex. 24 (Bolyard Transcript excerpt).  Canon V.A of the American
Arbitration Association Code of Ethics for Arbitrators in Commercial Disputes, effective March
1, 2004, requires that the arbitrator should decide the issues only "after careful deliberation."  *Id.*,
Ex. 25.  It is impossible that, in only eight days, the Arbitrator issued his Award with careful
deliberation commensurate to the voluminous record and the amount of damages each party
claimed.

all provision in section 10(a)(3), [and] is frequently applied when the arbitrator has run afoul of his or her own rules in conducting the arbitration.")

No doubt in opposition to this motion, Tully will cite to the non-binding Illinois case it cited to in its letter to the Arbitrator, *ARCH Dev. Corp. v Biomet, Inc.*, 02 C 9013, 2003 WL 21697742 (N.D. Ill. July 30, 2003), for the proposition that the failure to issue a "reasoned" award is not grounds to vacate the Award.    *ARCH* is distinguishable for at least two reasons. First, contrary to the bare Award here, in that case:

> the Arbitrator did more than simply state who wins and who loses in the form of a "bare" award. He cited the relevant contractual provisions and definitions. He explained that the License Agreement has not terminated because it "was not restricted to a three-plane knee, which Biomet was not selling" and thus plainly rejected Biomet's main argument. Finally, he listed eight findings and conclusions that he made. In sum, it cannot be said that the September Award was devoid of explanation and thus not a reasoned award."

2003 WL 21697742, at *4.

Second, the *ARCH* decision, which reasoned that "it is very strange to assert that an arbitrator has exceeded his powers by not doing enough," (*id.*, n. 4) has been criticized by the Eleventh Circuit, which held: "We do not share this view and believe that <u>an arbitrator can, in fact, exceed his powers by 'not doing enough.'</u>" *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, n.14 (11th Cir. 2011) (emphasis added).   There can be no question that by issuing the bare Award, the Arbitrator has failed to do enough to satisfy his obligation under the Arbitration Agreement and his own Preliminary Hearing Order.[17]   Thus, under FAA 10(a)(4), the Arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made, and the Award should be vacated.

---

[17] In addition, contrary to the Arbitrator here, the arbitrator in *ARCH* later clarified his ambiguous award.   The court held that "by clarifying the September Award, the Arbitrator did in advance what he would eventually have had to do in any event…" *Id.* at *5 (emphasis added).

19

(2)   ***The Award Should Be Vacated Because the Arbitrator***
      ***Exceeded His Powers By Issuing a "Wholly Irrational" Award.***

Pursuant to the FAA and CPLR § 7511(b)(iii), an arbitrator exceeds his powers where he issues a "wholly irrational" award.  *Matter of Liberty Cent. Sch Dist*, 25 A.D.3d 908, 910, 808 N.Y.S.2d 445, 447 (3d Dep't 2006); *Riverbay Corp. v. Local 32-E*, 91 A.D.2d 509, 510, 456 N.Y.S.2d 378, 379 (1st Dep't 1982); *see also In re Walsam Emp LLC*, 193 Fed. Appx. 57, 58 (2d Cir 2006) (applying "irrational" standard to arbitration governed by New York law).  Under New York law, "inherently inconsistent" arbitration awards must be vacated as "irrational."  *Spear, Leeds & Kellogg v. Bullseye Sec., Inc.*, 291 A.D.2d 255, 256, 738 N.Y.S.2d 27, 29 (1st Dep't 2002).  "Courts will not enforce an award that is incomplete, ambiguous, or contradictory." *Bell Aerospace Co. Div. of Textron, Inc. v Local 516, Intern. Union, United Auto., Aerospace and Agr. Implement Workers of Am. (UAW)*, 500 F.2d 921, 923 (2d Cir. 1974).  Moreover, an Award is irrational where the Arbitrator makes "a totally irrational construction to the contractual provisions in dispute and, thus, makes a new contract for the parties."  *Riverbay*, 91 A.D.2d at 510, 456 N.Y.S.2d at 379.

(i)   ***The Award Is Wholly Irrational, Inherently Inconsistent***
      ***and Contradictory Because it Gives Credence to the NH***
      ***Order for Some Categories of Damages and Ignores it***
      ***For Other Categories of Damages.***

Here, the Award is totally irrational and contradictory because for some categories of damages the Arbitrator ignored the NH Order and awarded Tully 16 months of delay damages, while in other instances he seemingly recognized the NH Order and awarded Tully only the post-APA portion (8½ months) of damages.

As discussed above, Tully claimed that it was delayed by EB and Canam from December 1, 2006 to April 1, 2008.  Under the NH Order, even assuming *arguendo* that Canam would be

liable for Tully's post-APA damages, the most that Canam could be liable for is 8½ months –
from July 16, 2007, when Canam acquired certain assets of EB, to Tully's concluding delay date
of April 1, 2008.  Or, put another way, the most that Canam could be held liable for is 53.125
percent (8.5 divided by 16) of Tully's damages claims.  Here, the Arbitrator inconsistently
awarded Tully its full 16 months claim for the "Cornell Liquidated Claim," yet awarded 53.125
percent of Tully's claims for "Home Office Overhead" and "Field Overhead and Staff."

Specifically, Tully sought $2,831,703 for 16 months of alleged delay with respect to
Tully's erector Cornell.[18]  The Arbitrator granted that line item in full, awarding Tully the entire
$2,831,703.  Rogers Decl., Ex. 1.  Yet the arbitrator awarded Tully $563,714 for Tully's claim
for $1,061,108 for 16 months of Home Office Overhead,[19] precisely 53.125 percent.  Again, the
Arbitrator awarded Tully precisely 53.125 percent of its $4,062,736 claim for Field Overhead
and Staff,[20] awarding Tully $2,158,329.  Thus, with respect to the Cornell Liquidated Claim, the
arbitrator ignored the NH Order, but with respect to Home Office Overhead and Field Overhead
and Staff, recognized the NH Order by only awarding Tully's purported post-APA damages.
Thus, the Award is contradictory, irrational, and inherently inconsistent, and should be vacated.

      **(ii)**    ***The Award is Wholly Irrational Because the Arbitrator
Provided a Totally Irrational Construction to the
<u>Contractual Provisions in Dispute.</u>***

As discussed *supra*, instead of enforcing the delivery dates agreed to in the Letter
Agreement, which would mean that Canam at most delayed deliveries of Spans/Piers 129-131 by

---

[18] Rogers Decl., Ex. 9 (Cover Page 1.2 of 1.4 (Line Item 53) and 1.4 of 1.4 (Line Item 53:
"Cornell Claim = 6,017,368 x 16/34")).  Cornell sued Tully for 34 months of delay.  Tully
attributes 16 of those 34 months to EB and Canam.

[19] *See id.*, Cover Page 1.1 of 1.4, Line Item 25.

[20] *See id.*, Cover Page 1.2 of 1.4, Line Item 47.

five days, the Arbitrator instead awarded Tully for 16 months of delay for the Cornell claim, and awarded 8½ months of Tully's claims for Home Office Overhead and Field Overhead and Staff, as well as awarding a substantial portion of Tully's claim for Labor Escalation. Thus, the Arbitrator, in effect, made a new contract between the parties and exceeded his powers, and as such, the Award should be vacated.

### C.   The Award Should Be Vacated Because the Arbitrator Committed Prejudicial Misconduct by Refusing to Hear or Consider Evidence Material and Pertinent to Canam's Defense.

Under the FAA, an award must be vacated where an arbitrator excluded evidence plainly "pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). *See Tempo Shain Corp. v Bertek, Inc.*, 120 F3.d 16, 20 (2d Cir. 1997). ""'Parties must be allowed to present evidence without unreasonable restriction...and must be allowed to confront and cross-examine witnesses.' ...Where a party to an arbitration does not receive a full and fair hearing on the merits, a district court will not hesitate to vacate the award." *Konkar Maritime Enterprises, S.A. v Cie. Belge D'Affretement*, 668 F. Supp. 267, 271 (S.D.N.Y. 1987) (citations omitted). Similarly, the New York Court of Appeals has held that an Arbitrator's refusal to hear pertinent and material evidence constitutes prejudicial misconduct by the arbitrator that would require the Arbitrator's award to be vacated. *Prof'l Staff Cong./City Univ. of New York v. Bd. of Higher Ed. of City of New York*, 39 N.Y.2d 319, 323, 383 N.Y.S.2d 592, 594 (1976).

Here, the evidentiary basis for Tully to prove that its alleged damages for the Cornell Liquidated Claim amounted to $2,831,703 was a two-volume Request for Equitable Adjustment ("REA") prepared by Cornell's expert witness in August 2009 -- three years before the hearing

in this arbitration.[21]   Tully introduced the REA through fact witness Otto Schatz, an officer of Cornell, rather than through the expert who authored the REA.   Canam repeatedly and vigorously objected to the introduction of the REA because Canam had no opportunity to cross-examine the expert who prepared the REA, and was consistently overruled by the arbitrator, who admitted that "I understand you're going to be precluded from cross-examining the expert." Rogers Decl., Ex. 23 (December 11, 20102 Transcript of Otto Schatz (excerpt) at 195:14-17. The REA was ultimately received into evidence; thus, the Arbitrator's actions were tantamount to precluding cross-examination of the evidence to be secured from that cross-examination. Consequently, Canam was further prejudiced by the Arbitrator's misconduct when he awarded the entire sixteen months of delay damages sought by Tully for the Cornell Liquidated Claim.

While the following is a somewhat lengthy extract of what transpired at the hearing, it is nonetheless essential to view in its entirety to understand how the Arbitrator prejudiced Canam by excluding evidence plainly pertinent and material to the controversy:

> MR. ROGERS:  We had an expert in here for two days. We're looking now at another expert report that we don't even have the expert here to testify.  I have a severe problem with that and --
>
> ARBITRATOR KROL:  That report has only been marked for identification at this point. *Id.* at 1185:4-12.

…

> MR. ROGERS:  My general overall objection is what's occurring is Mr. Corey's attempt to get in the entire expert report of Cornell without having a Cornell expert coming in here.  I realize this is obviously a project record, but the compilation of the documents as exhibits are assembled for the purpose of preparation of an expert's claim or an expert's preparation of a claim for Cornell.  Why the expert chose these certain documents as opposed to other CPM updates and narratives, why the balance of the entire information here is something that he assembled, it clearly is something that he, after

---

[21] The Request for Equitable Adjustment sought almost $6 million from Tully relating to various delays.  Tully took Cornell's calculations and extrapolated without any proof that $2,831,703 was attributable to EB and Canam.

23

whatever the universe of documents was reviewed, sat down, prepared an analysis, came to certain conclusions that he believed would support putting together the strongest claim for his client in that instance.

What Mr. Corey is doing is he's taking an end run to get the expert report in without having the expert come in here and testify.  I'm just going to object.
I think it is unfair and prejudicial.

*Id.* at 1191:20-1192:24.

...

> MR. ROGERS:   They're attempting to establish that through their expert testimony which we've had the expert here for two days....It is highly unusual and I believe highly impermissible in letting a witness come in with the expert report and bringing the whole expert report in.  If we attempted to do that when we put on our case or if Mr. Corey attempted and said here is Carlson's report and tried to put it in with someone on behalf of Tully, for example, Mr. McPartland, it would be impermissible.  I don't know how we can permit an expert report, again, a select compilation of documentation, an analysis being performed based upon that select compilation of documentation to be brought into evidence here based upon the testimony of Mr. Schatz, who will say I looked at it and I checked the accuracy.
>
> ARBITRATOR KROL:   You're speaking to Claimant's 445 rather than this particular tab 12.  Tab 12 I will allow into evidence.  445 is still an open issue.
>
> MR. ROGERS:   But I believe that --
>
> ARBITRATOR KROL:   Again**, I understand you're going to be precluded from cross-examining the expert** and it will certainly reflect on the weight I afford 445, if it is admitted.

*Id.* at 1193:21-1195:19.

Being barred from taking testimony was further prejudicial because Tully asserted that Cornell caused delays throughout the course of the Project, and indeed, Tully asserted a claim against Cornell for $10 million, alleging that Cornell was responsible for delaying the Project. *See id.*, ¶ 27 and Ex. 22 (Tully Transcript excerpt) at 1504:24-1507:15.  Canam was prejudiced by not being able to examine Cornell's expert to probe into whether he considered Tully's allegations of Cornell being liable for delay in reaching his determination.  Thus, the Arbitrator's preclusion of Canam's cross-examining Cornell's expert and to hear pertinent and material

24

evidence constitutes prejudicial misconduct thereby requiring the Arbitrator's award to be vacated.

## **CONCLUSION**

Canam respectfully requests that the Court grant its Cross-Petition to vacate the Arbitration Award, deny Tully's Petition to confirm the Award, and for such other relief that the Court deems just and proper.

DATED:  May 24, 2013

**WASSERMAN GRUBIN & ROGERS, LLP**

By: _____/s/_____
        Michael T. Rogers (MR-8813)
        Samuel A. Gunsburg (SG-1045)
1700 Broadway
New York, NY  10019
mrogers@wgrlaw.com
sgunsburg@wgrlaw.com
*Attorneys for Respondent/Cross-Petitioner*
*Canam Steel Corporation*

Of Counsel
**WKWILBURN P.C.**
William Karl Wilburn (01438  D. Maryland)
Laurie A. Owen (Mass. Bar No. 559725)
4800 Montgomery Lane, Suite 700
Bethesda, Maryland 20814
Telephone: (301) 652-9700
Facsimile: (301) 652-9701
wkw@wkwilburn.com
lao@wkwilburn.com